UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LAMALL MCCLENDON,

    Defendant.

Case No. 15-cr-20156
Case No. 16-cv-11849
Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING MOTION TO VACATE SENTENCE [17]**

In *Johnson v. United States*, — U.S. —, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. In *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016), the Sixth Circuit extended *Johnson* to invalidate the residual clause of the "crime of violence" definition set forth in § 4B1.2(a)(2) of the Sentencing Guidelines. After *Johnson* but before *Pawlak*, Defendant Lamall McClendon was sentenced subject to an enhancement under § 2K2.1(a)(4)(A), which, at the time of McClendon's sentencing, provided that a defendant who commits an unlawful weapons possession offense with one prior conviction of either a "crime of violence" or a controlled substance offense will be given a base offense level of 20. This provision used the "crime of violence" definition from § 4B1.2(a)(2). McClendon says that the predicate offense the Court used to make this determination (his prior Michigan conviction for felonious assault) no longer qualifies as a "crime of violence" after *Johnson* and *Pawlak*—and

therefore asks this Court to vacate his sentence.[1] He also says that his counsel was ineffective for failing to object to the application of 2K2.1(a)(4)(A) during sentencing.

## I.

McClendon was arrested in March 2015 pursuant to a criminal complaint charging him with possession of heroin with intent to distribute, 21 U.S.C. § 841(a)(1), and felon in possession of a firearm, 18 U.S.C. § 922(g)(1). The indictment issued on March 18, 2015. (R. 8.)

McClendon pled guilty to count two of the indictment, which charged him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (R. 11, PID 25.) The plea agreement estimated a total offense level of 25 and a criminal history category of II, which resulted in an estimated guidelines range of 63 to 78 months. Contributing to both of these estimates was McClendon's February 2013 conviction under Michigan's assault-with-a-dangerous-weapon statute. (R. 11, PID 41.) Specifically, U.S.S.G. § 2K2.1(a)(4)(A) provides for a base offense level of 20 for a defendant who commits an unlawful weapons possession offense with one prior conviction of either a "crime of violence" or a controlled substance offense.

After McClendon's guilty plea, the probation officer discovered two additional convictions for domestic violence. Thus, the Presentence Report calculated an additional two criminal history points, U.S.S.G. § 4A1.1(c), a total criminal history score of five, and a criminal history category of III. The base offense level remained the same as in the Rule 11 plea agreement. There were no objections to the Presentence Report—including the calculation of the base offense level of 20 under § 2K2.1(a)(4)(A). The Court accepted the Presentence Report

---

[1] The Court is aware that the Supreme Court will soon be deciding whether *Johnson* applies to the sentencing guidelines, *Beckles v. United States*. *See* No. 15-8544, — U.S. —, 2016 WL 1029080 (U.S. June 27, 2016) (granting certiorari), but as neither party has asked for a stay and McClendon's prior assault conviction is a crime of violence irrespective of the residual clause, the Court will rule on the motion now.

2

determinations of the total base offense level (25) and criminal history (III) and, as a result, calculated McClendon's advisory guidelines range at 70 to 87 months. The Court imposed a sentence of 70 months on August 20, 2015. (R. 16, PID 93.) Appointed counsel represented McClendon throughout the course of the proceedings, including sentencing. (R. 4.)

Pursuant to the plea agreement, McLendon waived his right to file a direct appeal. Instead, he filed this *pro se* collateral appeal to vacate his sentence. (R. 17.)

## II.

28 U.S.C. § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

To prevail under this section, a prisoner must demonstrate "a fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). Specifically, "the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'"*Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)).

The primary issue in this motion is whether Michigan's assault with a dangerous weapon statute is still a "crime of violence" after the Supreme Court's ruling in *Johnson*. When the Court sentenced McClendon, it applied U.S.S.G. § 2K2.1(a)(4)(A). That section provided, in relevant

part, that a sentencing court should apply a base offense level of 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense[.]" U.S.S.G. § 2K2.1(a)(4)(A). "'Crime of violence' [had] the meaning given that term in §4B1.2(a) and Application Note 1 of the Commentary to §4B1.2." Commentary to U.S.S.G. § 2K2.1(a)(4)(A).

Therefore, at the time of sentencing,

The term "crime of violence" mean[t] any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, [**Force Clause**] or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, [**Enumerated-Felony Clause**] *or otherwise involves conduct that presents a serious potential risk of physical injury to another.* [**Residual Clause**]

U.S.S.G. § 4B1.2(a) (emphasis and explanatory brackets added). The emphasized language is the residual clause, which the Sixth Circuit held "unconstitutionally vague" in *Pawlak*. Thus, the question before the Court is whether McClendon's conviction under Michigan's assault-with-a-dangerous-weapon statute still qualifies as a crime of violence under the force clause, since it can no longer qualify by virtue of the residual clause.

The Court engages in a multi-step inquiry to determine whether a prior offense can be classified as a predicate under the Sentencing Guidelines. *United States v. Mekediak*, 510 F. App'x 348 (6th Cir. 2013) (citing *United States v. Montanez*, 442 F.3d 485, 489 (6th Cir. 2006)). The ultimate question in this case will be whether the defendant admitted to a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). "The prior conviction qualifies as an ACCA [or Guidelines] predicate only if the statute's elements are the same as, or narrower than" a statute containing the

4

exact language as the use-of-force clause. *Descamps v. United States*, — U.S. —, 133 S. Ct. 2276, 2281 (2013); *see also United States v. White*, No. 4:08-CR-103, 2016 U.S. Dist. LEXIS 93818, at *5 (N.D. Ohio July 19, 2016) ("For a conviction to fall under the use-of-force prong, the underlying statute must necessarily entail 'the use, attempted use, or threatened use of physical force against the person of another.' So long as the statute only punishes conduct involving the use or attempted use of physical force, the statute does not need to expressly mirror the language of the use-of-force clause.").

The question identified above may apply to the statute as a whole (formal categorical approach), or to a specific part of the statute (modified categorical approach). *Descamps*, 133 S. Ct. at 2283. Whether the modified categorical approach or the formal categorical approach applies depends on whether the statute is divisible. *See United States v. Woodley*, No. 15-cr-20007, 2015 U.S. Dist. LEXIS 162065, at *6 (E.D. Mich. Dec. 3, 2015). Any statute with alternative phrasing could *potentially* be a divisible statute. The Supreme Court has directed the following "threshold inquiry" in such circumstances:

> The first task for a sentencing court faced with an alternatively phrased statute is thus to determine whether its listed items are elements or means. If they are elements, the court should do what we have previously approved: review the record materials to discover which of the enumerated alternatives played a part in the defendant's prior conviction, and then compare that element (along with all others) to those of the generic crime. But if instead they are means, the court has no call to decide which of the statutory alternatives was at issue in the earlier prosecution.

*Mathis v. United States*, — U.S. —, 136 S. Ct. 2243, 2248 (2016). That is to say, a statute is divisible only where it "lists multiple elements disjunctively," not where it "enumerates various factual means of committing a single element." *Id.* at 2256 (emphases added). In addition to the means vs. elements inquiry, "Divisibility must be accompanied by another condition . . . ambiguity in the statute of conviction . . . . [meaning that] an individual can violate the statute [of

5

conviction] in a way that constitutes a violent felony and in a way that does not." *United States v. Mitchell*, 743 F.3d 1054, 1063 (6th Cir. 2014).

Thus, if the statute lists multiple elements disjunctively *and* the statute is ambiguous, then the Court applies the modified categorical approach. What this means is that the Court can "consult a limited class of documents . . . to determine which alternative [element] formed the basis of the defendant's prior conviction." *United States v. Denson*, 728 F.3d 603, 608 (6th Cir. 2013) (quoting *Descamps*, 133 S. Ct. at 2281). These documents include the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005). The point is to determine which elements the defendant "necessarily admitted . . . through his plea," *United States v. Medina-Almaguer*, 559 F.3d 420, 423 (6th Cir. 2009) (citation omitted), so that the Court can determine whether among those elements were "the use, attempted use, or threatened use of physical force against the person of another." *See United States v. Del Carmen Gomez*, 690 F.3d 194, 200 (4th Cir. 2012); *see also Descamps*, 133 S. Ct. at 2285 (explaining that the modified categorical approach is "a mechanism" to apply "the categorical approach's basic method" where the offense statute is divisible). If such documents are unavailable or do not establish which alternative was the basis of the conviction, the Court would not be able to say whether the defendant "necessarily admitted" an element that falls within the force clause, and that conviction would not qualify as a predicate offense. *See, e.g.*, *United States v. Nigro*, 650 F. Supp. 2d 372, 376 (E.D. Pa. 2009).

If the "threshold inquiry" set forth in *Mathis* shows that the statute is not divisible, then the "modified approach . . . has no role to play," *Descamps*, 133 S. Ct. at 2285, and the Court applies the formal categorical approach. Thus, viewing the statute as a whole, the Court asks

6

whether the statute "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1).

With this standard in mind, the Court turns to the Michigan statute at issue. It states in relevant part:

> (1) Except as provided in subsection (2), a person who assaults another person with a gun, revolver, pistol, knife, iron bar, club, brass knuckles, or other dangerous weapon without intending to commit murder or to inflict great bodily harm less than murder is guilty of a felony punishable by imprisonment for not more than 4 years or a fine of not more than $2,000.00, or both.
>
> (2) A person who violates subsection (1) in a weapon free school zone is guilty of a felony punishable by 1 or more of the following:
>
>> (a) Imprisonment for not more than 4 years.
>>
>> (b) Community service for not more than 150 hours.
>>
>> (c) A fine of not more than $6,000.00.

Mich. Comp. Laws § 750.82.

The Sixth Circuit—in a pre-*Mathis* opinion—held that the statute required a modified categorical approach, stating it was "ambiguous under a [formal] categorical approach because the statutory definition includes assault with a variety of items—not only guns and knives, but also iron bars, clubs, and brass knuckles—articles that we have commented are not included in the ACCA's definition of a firearm, knife, or 'destructive device.'" *United States v. Mekediak*, 510 F. App'x 348 (6th Cir. 2013). (The Sentencing Guideline provision incorporates the ACCA's definition of "firearm." Comment to U.S.S.G. § 2K2.1(a)(4)(A).)

Post-*Mathis*, however, the Court believes that the statute requires a formal categorical approach. *Mathis* itself provided the following example of a non-divisible statute: an assault with a deadly weapon offense where "deadly weapon" meant "knife, gun, bat, or similar weapon[.]" 136 S. Ct. at 2249 (citation omitted). That, the Court said, would be an example of "diverse

7

means of satisfying a single element of a single crime" where "a jury need not find (or a defendant admit) any particular item[.]" *Id.* That is just the case here: a jury need only find that an assault was committed with some "dangerous weapon"—they need not be unanimous on what particular weapon was used. And the second subsection criminalizes the same conduct, but narrows the scope of that conduct to a particular location. Therefore, pursuant to *Mathis*, the Court will apply the formal categorical approach to the statue.

"The elements of felonious assault [Mich. Comp. Laws § 750.82] are (1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v. Jackson*, 790 N.W.2d 340, 343 n.2 (Mich. 2010) (citation omitted). Sixth Circuit panels have previously held that these elements sufficiently contained "the use, attempted use, or threatened use of physical force against the person of another" to make the offense a violent felony under the ACCA. *United States v. Mosley*, 339 F. App'x 568, 575 (6th Cir. 2009); *see also United States v. O'Valle*, 9 F.3d 110, 1993 U.S. App. LEXIS 22841, at *2–4 (6th Cir. 1993) (table) (drawing the same conclusion under the Guidelines, § 4B1.1).

After *Mosley*, the Supreme Court made the following clarification to the "violent felony" definition: "We think it clear that in the context of a statutory definition of 'violent felony,' the phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). Even in light of *Johnson* (2010), the Court finds that § 750.82 qualifies as a crime of violence.

Since *Johnson* (2010), the Sixth Circuit has cautioned that "not all crimes involving a deadly weapon have the threatened use of physical force as an element" because "[t]he use of a deadly weapon may exacerbate the threat of physical force, but does not necessarily supply the

threat if it is not already present in the underlying crime." *United States v. Rede-Mendez*, 680 F.3d 552 (6th Cir. 2012). In *Rede-Mendez*, the Sixth Circuit examined a New Mexico aggravated assault (deadly weapon) statute. New Mexico's definition of assault included "the use of insulting language toward another impugning his honor, delicacy or reputation." *Id.* at 557. This made "New Mexico's definition of aggravated assault . . . broader than the generic version because the underlying assault can be committed solely by using insulting language." *Id.* at 557. Thus, "[n]ot every crime becomes a crime of violence when committed with a deadly weapon . . . the underlying crime must already have as an element some degree of, or the threat of, physical force in the more general sense (such as 'the least touching')." *Id.*

Michigan courts "have defined an assault as either an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery." *People v. Reeves*, 580 N.W.2d 433, 435 (Mich. 1998) (citation and internal quotation marks omitted). In turn, "Battery has been defined as 'an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person.'" *People v. Starks*, 701 N.W.2d 136, 140 (2005) (citations omitted). This offense therefore involves "the least touching." *See Rede-Mendez*, 680 F.3d at 558. The First Circuit, in examining a similar Massachusetts assault-with-a-dangerous weapon statute, explained, "Logically, the harm threatened by an assault is far more violent than offensive touching when committed with a weapon that is designed to produce or used in a way that is capable of producing serious bodily harm or death." *United States v. Whindleton*, 797 F.3d 105 (1st Cir. 2015). Further, the court added, "dicta in *Johnson* assumed that an assault and battery with a dangerous weapon was a 'violent felony.'" *Id.* at 115 (citing *Johnson*, 559 U.S. at 140–41).

9

Therefore, the Court joins the others in this district which have held that Michigan Compiled Laws § 750.82 qualifies as a crime of violence under the force clause after *Johnson* (2010). *See, e.g.*, *United States v. Franklin*, No. 10-20467-01, 2014 U.S. Dist. LEXIS 77088, at *14 (E.D. Mich. June 6, 2014); *Smith v. United States*, No. 06-20659, 2012 U.S. Dist. LEXIS 64391, at *11 (E.D. Mich. May 8, 2012). Thus, McClendon is not entitled to resentencing based on his argument that § 2K2.1(a)(4)(A) did not apply to him. (R. 17, PID 100.)

This conclusion also suffices to dispose of McClendon's claim that his counsel was ineffective for failing to raise the *Johnson* issue. (R. 17, PID 99.) "An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *see Valentine v. United States*, 488 F.3d 325, 331 (6th Cir. 2007) (applying *Strickland* to a § 2255 habeas petition). To satisfy the prejudice prong, McClendon must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Even if counsel should have raised McClendon's *Johnson* argument prior to sentencing, counsel's failure to do so ultimately resulted in no prejudice to McClendon. As just reasoned, his base offense level was properly calculated under § 2K2.1(a)(4)(A).

### III.

For the reasons set forth above, IT IS ORDERED that McClendon's motion to vacate sentence (R. 17) is DENIED.

SO ORDERED.

Dated: January 31, 2017

s/Laurie J. Michelson
LAURIE J. MICHELSON
U.S. DISTRICT JUDGE

10

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 31, 2017.

                                                s/Keisha Jackson
                                                Case Manager